UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES BARKER,<br><br>   Plaintiff<br><br>v.<br><br>BAKER, et. al.,<br><br>   Defendants | Case No.: 3:19-cv-00158-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 22, 22-1 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's motion for leave to amend (ECF No. 22) and proposed second amended complaint (SAC) (ECF No. 22-1). Defendants filed a response indicating that they do not oppose Plaintiff's motion to amend, but ask that the court screen the proposed SAC. (ECF No. 24.)

After a thorough review, it is recommended that Plaintiff's motion be denied and that this action proceed on the first amended complaint (FAC) (ECF No. 10-1) as outlined in the order screening the FAC (ECF No. 16).

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. The events giving rise to this action took place when Plaintiff was housed at Lovelock Correctional Center (LCC).

The court screened Plaintiff's original complaint and allowed him to proceed with an equal protection claim based on allegations that defendants Smith, Malay, Alredd, Link, Perez and Baker opened Plaintiff's cell door while he was using the restroom, when Plaintiff repeatedly tried to keep the cell door shut, and Perez made inappropriate sexual comments and gestures to Plaintiff, while this was not done to other inmates. In other words, Plaintiff alleged that they deliberately treated him in a way that made him feel uncomfortable and was different than how they treated similarly situated inmates, with no rational basis for the difference in treatment. His Eighth Amendment claim based on similar facts was dismissed without prejudice. (ECF No. 8.)

Plaintiff subsequently sought leave to amend and filed a proposed first amended complaint (FAC). (ECF Nos. 10, 10-1.) The court screened the proposed FAC. (ECF No. 16.) The court allowed Plaintiff to proceed with an Eighth Amendment claim against Smith and Malay based on allegations that they deliberately opened Plaintiff's cell door while he was using the restroom, with no legitimate reason, and they only did so to humiliate Plaintiff by exposing him to other inmates. As a result of the exposure, Plaintiff claims that he suffered psychological distress, nightmares and PTSD. The court found Plaintiff failed to state a colorable Eighth Amendment claim against Alredd and Link, because he alleged only that they opened his cell door while Plaintiff was using the restroom, but did not allege they knew Plaintiff was using the restroom at the time they opened the door, and did not otherwise allege facts giving rise to an inference that they acted with the intent to cause Plaintiff harm. Therefore, Alredd and Link were dismissed from the FAC without prejudice.

The court also allowed Plaintiff to proceed with an equal protection claim against Smith and Malay in the FAC, based on allegations that Smith and Malay did not open the doors of

other inmates' cells while they were using the restroom, and intentionally opened Plaintiff's door to expose him while he was using the restroom.

The court dismissed Plaintiff's Eighth Amendment claim against Perez without prejudice, because Plaintiff's allegations that Perez made inappropriate gestures and comments, finding they did not rise to the level of a constitutional violation.

The court found Plaintiff failed to state colorable retaliation, Eighth Amendment, or equal protection claims against Bennet related to a strip search, and dismissed those claims without prejudice.

Plaintiff's state law tort claims were dismissed without prejudice so that Plaintiff could raise them in state court.

Finally, to the extent the FAC could be construed as asserting supervisory liability claims against Warden Baker based on the alleged constitutional violations, the court found that Plaintiff failed to state a colorable claim, and dismissed Baker without prejudice.

On November 24, 2020, the court entered a scheduling order requiring that any parties be joined and amendments be filed by January 22, 2021. (ECF No. 20 at 1-2.)

On February 16, 2021, Plaintiff filed this motion for leave to file the SAC and proposed SAC. (ECF Nos. 22, 22-1.)

## II. LEGAL STANDARD

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

In addition, the court must review the proposed amended complaint and identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Where a motion for leave to amend is filed after entry of the Rule 16 scheduling order deadline, the movant cannot "appeal to the liberal amendment procedures afforded by Rule 15." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Instead, the movant must "satisfy the *more stringent* 'good cause' showing required under Rule 16." *Id*. (emphasis original). Rule 16 expressly states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order … will not be disturbed unless they evidence a clear abuse of discretion." *C.F. ex. rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 984 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1566 (2012).

"A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment … Rule 15." *Johnson v. Mammoth Recreations, Inc.*, 975 F.3d 604, 609 (9th Cir. 1992) (citation and quotation marks omitted) (emphasis added). "Unlike Rule 15(a)'s liberal amendment policy …, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id*. In other words, "'[t]he focus of the inquiry is

4

upon the moving party's reasons for seeking modification.'" *Farnan*, 654 F.3d at 984 (quoting *Johnson*, 975 F.3d at 609). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

### III. DISCUSSION

Preliminarily, Plaintiff's motion for leave to amend was filed outside the scheduling order deadline for amendments, and Plaintiff provides no explanation, let alone good cause, for seeking leave to amend outside the scheduling order deadline. Therefore, denial of the motion for leave to amend is appropriate on this basis.

In addition, as will be discussed below, the motion for leave to amend should also be denied because amendment would be futile.

The proposed SAC names the following defendants: LCC Warden Renee Baker, and LCC Correctional Officers Smith, Malay, Alredd, and Perez. (ECF No. 22-1 at 2-3.) The body of the proposed SAC also mentions Correctional Officer Bennet.

In Count I of the proposed SAC, Plaintiff again alleges that Smith and Malay opened his cell door while he was in the restroom, and were aware Plaintiff was using the restroom, and exposed Plaintiff's genitals to the tier, causing humiliation and resulting in psychological distress and PTSD. Plaintiff avers that they treated Plaintiff differently than other inmates because they did not open other inmates' cell doors while they were using the restroom. Plaintiff claims that Allred and Link repeatedly opened Plaintiff's cell door while he was using the toilet. Plaintiff asserts that Perez made inappropriate sexual comments and gestures. Plaintiff goes on to allege that Warden Baker is responsible for conditions of confinement at LCC, and knowingly allows correctional officers to commit abuses against inmates. (ECF No. 22-1 at 4-5.)

The proposed SAC states the same Eighth Amendment and equal protection claims against Smith and Malay as were allowed to proceed in the FAC. Plaintiff's allegations against Allred and Link are substantially the same as were asserted in the FAC, and therefore, he does not include sufficient facts to maintain a claim against them. Moreover, the court set forth the standard for asserting a supervisory liability claim in the order screening the FAC, yet Plaintiff still fails to include sufficient facts to state a claim against Warden Baker in the proposed SAC.

In Count II, Plaintiff asserts claims under the Eighth Amendment, the Equal Protection Clause, and for retaliation against Bennet. He alleges that while at LCC, he suffered humiliation and embarrassment at the hands of Bennet, whom Plaintiff contends forced Plaintiff to strip search in front of other inmates in retaliation "or perhaps sadistic pleasure." He believes this occurred to belittle him for filing grievances on the other named defendants as well as prior grievances against Bennet for other acts of retaliation.

Plaintiff allegations against Bennet remain vague, and his statement that Bennet performed the strip search due to Plaintiff filing grievances against Bennet and others is conclusory and unsupported by *factual allegations*. Therefore, Plaintiff does not state a retaliation claim against Bennet.

As with the FAC, Plaintiff does not include sufficient facts to state colorable Eighth amendment or Equal Protection claims against Bennet in the proposed SAC. The allegations remain vague and are devoid of *factual* statements that would give rise to an inference that Bennet's conduct was performed with an intent to harm Plaintiff or discriminate against him.

For these reasons, Plaintiff's motion for leave to amend should be denied, and the action should proceed with the FAC as the operative complaint as outlined in the order screening the FAC. (ECF Nos. 10-1, 16.)

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for leave to amend (ECF No. 22). The action should proceed on the FAC (ECF No. 10-1) as outlined in the order screening the FAC (ECF No. 16).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 19, 2021

*William G. Cobb*
William G. Cobb
United States Magistrate Judge