UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES BARKER,

Plaintiff,

v.

BAKER, *et al.*,

Defendants.

Case No. 3:19-cv-00158-MMD-WGC

ORDER

**I.　SUMMARY**

*Pro se* Plaintiff James Barker, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), filed a first amended complaint under 42 U.S.C. § 1983. (ECF No. 10-1 ("FAC").) The Court screened the FAC and allowed Barker to proceed on his Eighth Amendment cruel and unusual punishment and Fourteenth Amendment equal protection claims against Defendants Smith and Malay, based on Defendants alleged opening of Barker's cell door while he was using the restroom. (ECF No. 16 at 4-6.) On February 16, 2021, Barker filed a motion for leave to file a second amended complaint (ECF No. 22 ("Motion")) and attached his proposed second amended complaint (ECF No. 22-1 ("SAC")).

Before the Court is the Report and Recommendation (ECF No. 27 ("R&R")) of United States Magistrate Judge William G. Cobb. The R&R recommends the Court deny Barker's Motion and that this action proceed on the FAC as outlined in the Court's FAC screening order (ECF No. 16). Barker timely filed his objection (ECF No. 28 ("Objection")) to the R&R, and Defendants did not file a response. Because the Court agrees with Judge Cobb and as further explained below, the Court overrules Barker's Objection and will adopt the R&R in full.

///

## II. BACKGROUND

The Court incorporates by reference Judge Cobb's recitation of the factual background provided in the R&R, which the Court adopts here. (ECF No. 27 at 1-3.)

## III. LEGAL STANDARD

### A. Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus *de novo* because Barker filed his Objection. (ECF No. 28.)

## IV. DISCUSSION

Following a *de novo* review of the R&R and other records in this case, the Court finds good cause to accept and adopt Judge Cobb's R&R.

Judge Cobb recommends Barker's Motion be denied as it was filed outside of the scheduling order deadline and Barker failed to provide good cause to grant leave to amend. (ECF No. 27 at 5.) Judge Cobb further recommends that the Motion be denied as amendment would be futile. (*Id.*) Barker counters that amendment is not futile because defendant Alredd[1] knew that Barker was using the bathroom. (ECF No. 28 at 2-3.) Barker additionally counters that defendant Bennett[2] searched him as a response to Barker filing grievances. (*Id.*) The Court agrees with Judge Cobb.

The scheduling order in this case was entered on November 24, 2020 and the deadline to add parties or claims was January 22, 2021. (ECF No. 20 at 1-2.) Barker filed his Motion on February 16, 2021—nearly a month after the deadline—seeking leave to file his second amended complaint to add Alredd and Bennett as defendants. Because Barker is now seeking to add parties after the Court has entered a scheduling order, Federal Rule

---

[1]Alredd was previously dismissed from this action. (*See* ECF No. 16.)
[2]Bennett was previously dismissed from this action. (*See* ECF No. 16.)

of Civil Procedure 16(b)(4)'s "good cause" standard for modifying a scheduling order applies, not Rule 15(a)(2)'s more lenient amendment standard that Barker cites in his Objection. The "good cause" standard of Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). While the Court may consider prejudice to the nonmoving party as additional reasons to deny a motion, "the focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.* Here, Barker does not provide an explanation, let alone good cause, but merely states that he is seeking to give "a more complete picture as to what occurred." (ECF No. 22 at 1.) The Court, however, finds that this fails to meet Fed. R. Civ. P. 16(b)(4)'s good cause standard.

Moreover, Barker's SAC alleges that Alredd repeatedly opened Barker's cell door and forced it open. However, the SAC—similar to the FAC—fails to allege that Alredd knew Barker was using the restroom at the time or that Alredd acted with intent to cause Barker psychological damage. Similarly, the SAC also fails to sufficiently allege facts that Bennett violated Barker's rights under the Eighth Amendment, Fourteenth Amendment, or that Bennett engaged in retaliation. Barker's allegations in the SAC against Bennett are vague and conclusory at best. Accordingly, Barker's Objection is overruled. The Court therefore agrees with Judge Cobb that Barker's Motion should be denied and will adopt the R&R in its entirety.

**V.    CONCLUSION**

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 27) is accepted and adopted in full.

It is further ordered that Plaintiff Barker's motion for leave to file a second amended complaint (ECF No. 22) is denied.

It is further ordered that this action proceed in accordance with the first amendment complaint screen order (ECF No. 16).

DATED THIS 20th Day of May 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3