AARON D. FORD
 Attorney General
STEPHEN J. AVILLO, Bar No. 11046
 Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1159
E-mail: savillo@ag.nv.gov

*Attorneys for Defendants Paul Malay and Robert Smith*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES BARKER,<br><br>          Plaintiff,<br><br>vs.<br><br>BAKER, et al.,<br><br>          Defendants. | Case No. 3:19-cv-00158-MMD-WGC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR AN EXTENSION TO FILE A DISPOSITIVE MOTION**<br>**(FIRST REQUEST)** |

    Defendants, Paul Malay and Robert Smith, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Stephen J. Avillo, Deputy Attorney General, hereby submits this Motion for an Extension of Time to File a Dispositive Motion

    This Motion is based on F.R.C.P. 6(b)(1)(A), LR 1A 6-1, and the following Memorandum of Points and Authorities.

    This is the first request for an extension of time to file a dispositive motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

    This is an inmate civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff, James Barker (Plaintiff). Plaintiff has at least three cases, including this matter, that he has filed against Nevada Department of Corrections (NDOC) defendants, that have made it through mandatory screening by the Court pursuant to 28 U.S.C. § 1915A, and for which undersigned counsel is the attorney of record representing Defendants.

///


The other cases are *Barker v. Baker, et al.*, Case No. 3:19-cv-0161-MMD-CLB, and *Barker v. Warden Baker, et al.*, Case No. 3:19-cv-0159-RCJ-WGC.[1] For the first of the other two cases, undersigned counsel filed a motion for summary judgment and a reply in support thereof, this past July and August. *See* ECF Nos. 47 and 51 for Barker *v. Baker, et al.*, Case No. 3:19-cv-0161-MMD-CLB. For the second of the other two cases, counsel recently prepared a mediation statement in preparation for an early mediation conference, scheduled for October 19, 2021.

In the instant matter, Plaintiff filed a Motion for Leave to Amend the Complaint (Second), which Defendants did not oppose. ECF Nos. 22 and 24. The Magistrate Judge recommended denying Plaintiff's Motion, explaining that Plaintiff did not enunciate good cause for amending outside the scheduling order deadline and that Plaintiff's proposed amendments would be futile. ECF No. 27. Plaintiff objected to the Report and Recommendation, but the Court adopted the Report and Recommendation in full. ECF Nos. 28 and 29. Thereafter, the Court issued a new scheduling order, setting September 20, 2021, as the deadline for the filing of dispositive motions. ECF No. 30.

Unfortunately, undersigned counsel did not update his calendar—either his electronic calendar that is part of the Microsoft Outlook email program, or his physical, day-planner calendar—with the updated dispositive motion deadline. Counsel is usually aware, without consulting either calendar, of the approximate date on which dispositive motions are due for all his cases. In this instance, however, counsel thinks that he mentally conflated this matter with Plaintiff's case in which he filed a dispositive motion. He therefore neglected to realize a dispositive motion also was due in this matter.

FRCP 6(b)(1) governs extensions of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

LR 1A 6-1 substantively repeats the requirement that a motion made after time has expired may be granted on showing of excusable neglect.

---

[1] Under Fed.R.Evid. 201(b)(2), the Court may take judicial notice of all filings in Plaintiff's other cases filed with the Court. *See U.S. v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Colpo Caldo, LLC v. Trunk*, Case No. 3:18-cv-00289-LRH-WGC, 2021 WL 4226993, at *2, n.3 (D. Nev. Sep. 15, 2021).

Defendants submit that the failure to file a motion for summary judgment by September 20, 2021, is the result of excusable neglect. As discussed above, the failure resulted from a mistake in calendaring the due date, combined with some confusion caused by the presence of multiple cases from Plaintiff on undersigned counsel's caseload.

Defendants' request will not hinder or prejudice Plaintiff. Defendants make this request in good faith, and not to cause undue delay or for any other improper purpose.

Defendants therefore respectfully request an extension of the deadline to file a dispositive motion, to **October 29, 2021**. This is a 39-day extension of the original deadline and is 14 days from the date of the filing of this Motion.

DATED this 15th day of October, 2021.

> AARON D. FORD
> Attorney General
>
> By: /s/ *Stephen J. Avillo*
> STEPHEN J. AVILLO, Bar No. 11046
> Deputy Attorney General
>
> *Attorneys for Defendants*

IT IS SO ORDERED.

DATED: October 18, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

3